# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:06cv127

| | |
|---|---|
| JONATHAN PATRICK FOXX; and FOXX TRUCKING, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | MEMORANDUM AND RECOMMENDATION |
| JOAQUIN MENDINA; and FJK ENTERPRISES, LT., CO., d/b/a EXPRESS CARRIERS, ) ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the court on defendant FJK Enterprises, Ltd. Co., d/b/a Express Carriers (hereinafter Express Carriers") Motion to Dismiss and/or Stay Proceedings (#3). On June 12, 2006, plaintiffs filed a timely Response (#9), to which no reply was filed within the time provided by Local Rule 7.1(B).

In substance, Express Carriers contends that this court should either dismiss this action or stay its hand inasmuch as plaintiffs earlier filed an identical action in the courts of the State of Arkansas. Express Carriers properly invokes the *Colorado River Doctrine* as the basis for such relief, arguing that it would be a waste of judicial resources to litigate the same claim in two forums. In response, plaintiffs argue that they are in the process of dismissing the Arkansas action. No reply has been filed, and the undersigned has assumed that the dismissal has been taken in Arkansas.[1]

Under the Colorado River doctrine, a federal court may decline to exercise its jurisdiction because of parallel state-court litigation only in exceptional circumstances, and

---

[1] Upon receipt of this Memorandum and Recommendation, plaintiffs should file a copy of the dismissal in the Arkansas action in this matter.

only the clearest of justifications will warrant a stay or dismissal. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); New Beckley Mining Corp. v. International Union, UMWA, 946 F.2d 1072 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3687 (U.S. 1992). In the end, a decision to abstain on grounds of wise judicial administration requires careful balancing of the following factors: inconvenience of the federal forum, avoidance of piecemeal litigation, and the order in which concurrent forums obtained jurisdiction. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983).

In Railroad Com. of Texas v. Pullman Co., 312 U.S. 496 (1941) (the "Pullman Doctrine"), the late Justice Frankfurter held, as follows:

> The reign of law is hardly promoted if an unnecessary ruling of a federal court is thus supplanted by a controlling decision of a state court. The resources of equity are equal to an adjustment that will avoid the waste of a tentative decision . . . .

Id. at 499. See also Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1 (1983); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). A "grand waste of efforts by both the courts and parties" should be avoided. Microsoftware Computer Systems, Inc. v. Ontel Corp., 686 F.2d 531, 538 (7th Cir. 1982). When Colorado River abstention is raised, the Court of Appeals for the Fourth Circuit has provided clear guidance:

> It is true, as a general rule, that our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other. "Despite what may appear to result in a duplication of judicial resources, '[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" Moreover, as a general rule, federal courts are bound by a "virtually unflagging obligation . . . to exercise the jurisdiction given them."
>
> * * *
>
> Under the principles of Colorado River, federal courts may abstain from exercising their jurisdiction in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings and "[w]ise judicial administration, giving regard to conservation of judicial resources and

comprehensive disposition of litigation" clearly favors abstention, id.

* * *

> The decision whether to abstain necessarily requires resolving the tension between the federal court's obligation to exercise jurisdiction and the "combination of factors counselling [*sic*] against that exercise." Although the prescribed analysis is not a "hard-and-fast" one in which application of a "checklist" dictates the outcome, six factors have been identified to guide the analysis for Colorado River abstention: (1) whether the subject matter of the litigation involves property where the first court may assume jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. At bottom, abstention should be the exception, not the rule, and it may be granted only when "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties."

Vulcan Chemical Technologies, Inc. v. Barker, 297 F.3d 332, 340-41 (4th Cir. 2002) (citations omitted). Review of the factors restated in Vulcan reveals that neither a stay nor dismissal is now appropriate in this particular case inasmuch as plaintiffs counsel, as officers of this court, have stated that the Arkansas action is being dismissed. The undersigned, therefore, will recommend that Express Carriers' Motion to Dismiss and/or Stay Proceedings (#3) be **DENIED** without prejudice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that Express Carriers' Motion to Dismiss and/or Stay Proceedings (#3) be **DENIED** without prejudice.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: August 17, 2006

Dennis L. Howell
United States Magistrate Judge